UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Muhammad, *aka* James Wright, | ) C/A No. 3:06-384-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Faye Hightower, | ) |
| Defendant. | ) |

The plaintiff, James Muhammad *aka* James Wright ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files a letter, claiming the letter is a "legal complaint," so the letter is construed as a complaint. Plaintiff is involuntarily confined at a facility of the South Carolina Department of Mental Health. According to the government's response to Plaintiff's petition for habeas relief in Civil Action No. 05-3441, Plaintiff was arrested in November 2005, and upon a mental evaluation, assigned to the Just Care facility of the William S. Hall Psychiatric Institute, a facility of the South Carolina Department of Mental Health.[2] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff claims interference with his "private affairs," as well as mail and faxes.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See* United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *See also* United States v. Webber, 396 F.2d 381, 386-87 (3rd Cir. 1968); Fletcher v. Bryan, 175 F2d 716 (4th Cir. 1949).

The complaint seeks no remedy. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys,

Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff has filed a letter construed as a complaint, raising the issue of interference with his mail and "faxes" at the mental health facility in which he is being detained. The letter states "I am writing you this legal, complaint, in my legal handwriting and sane mind, prataining [sic] to charges, as follows: against Faye Hightower, who knows, right from wrong, who has, impede my private affairs, by interferring [sic] with priviledge [sic] information, sent to me.... also, tampering with federal mail and faxes sent to me."

## Discussion

The complaint contains no factual allegations that establish the violation of a constitutional right. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Constitutional violations in relation to mail are often related to interference with access to the court, which requires an actual injury, or interference with privileged communications between the plaintiff and his criminal defense attorney, thus violating his Sixth Amendment right to counsel. Plaintiff has filed several complaints in this Court since the beginning of this year, which shows his right to access the courts has not been violated. Although the complaint alleges "interferring [sic] with priviledge [sic] information" by the Defendant, no allegations implicate the Sixth Amendment right to counsel, as Plaintiff does not allege the sender of the mail is his criminal defense attorney.

A First Amendment right to receive mail may be implicated by Plaintiff's statement concerning "tampering with federal mail and faxes sent to me." The complaint, however, does not provide any further factual allegations. Although the Court is bound to liberally construe his *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995). *See also* Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (plaintiff's dismissed complaint "failed to contain any factual allegations tending to support his bare assertion"). The complaint fails to identify any specific dates, times, items of mail at issue, the sender of the mail, what was done to interfere with Plaintiff's mail, or

4

any other similar allegations. The complaint's bare statement of "tampering" is not sufficient factual allegations to support a First Amendment claim. While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter, Plaintiff is required to allege facts in his complaint that support a claim for relief. *See* Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

Additionally, the complaint should be dismissed as Plaintiff has failed to request any relief or suggest to this Court any remedy for the alleged violation. For this Court to find Plaintiff's rights have been violated but order no remedy would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. *See* Preiser v. Newkirk, 422 U.S. 395, 401 (1975); Boston Chapter, NAACP v. Beecher, 716 F.2d 931, 933 (1st Cir. 1983). *See also* Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions). The complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the notice on the following page.

                          Respectfully submitted,

                          s/Joseph R. McCrorey
                          United States Magistrate Judge

March 7, 2006
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046  (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**